UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ALMAREZ, | No. 2: 20-cv-2444 KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SAN JOAQUIN, et al., | |
| Defendants. | |

Plaintiff is a county prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1 account. These payments will be forwarded by the appropriate agency to the Clerk of the Court
2 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28
3 U.S.C. § 1915(b)(2).

4       The court is required to screen complaints brought by prisoners seeking relief against a
5 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18 1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25 sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts
26 are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .
27 . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)
28 (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

*Plaintiff's Allegations*

Named as defendants are San Joaquin County, Sheriff Withrow and Classification Sergeant Gudino.

Plaintiff alleges that in March-June 2017, Southern Hispanics housed at the San Joaquin County Jail ("Jail") were involved in a riot with each other. After that, all Southern Hispanics were placed in administrative segregation ("ad seg"), regardless of whether they participated in the riot.

On January 10, 2018, plaintiff transferred to the Jail from the Deuel Vocational Institution based on new charges. Plaintiff was placed in solitary confinement based on his classification as Southern Hispanic. After eight months passed, plaintiff was given a cellmate, but told he had to stay in ad seg "under the guise of protection." Plaintiff alleges that he did not request protection and nor did he need it. Jail officials told plaintiff that, "Surenos have nowhere to go, you guys fucked that up with the riot, you are now P.C. and you will not go anywhere."

Plaintiff alleges that a Jail official told him that the only way for him to get out of ad seg is to drop out, be released, die or become a Norteno.

Plaintiff alleges that because he is housed in ad seg, he is denied treatment, rehabilitation, day room, all day t.v., jobs, all day yard, all day showers, the chuck wagon program, Alcoholics Anonymous classes, Narcotics Anonymous classes, the opportunity to be around other human beings and other self-help classes. Plaintiff alleges that he is denied the means to clean his cell on a daily basis. Plaintiff alleges that he receives showers three times per week in a dirty shower. Plaintiff alleges that he is given worn out and dirty clothing and linen. Plaintiff alleges that the food he receives is spoiled more than half the time. Plaintiff alleges that he is not allowed to use a razor and is denied clippers most of the time. Plaintiff alleges that he is not allowed to be around and talk to other human beings.

Plaintiff alleges that the grievance process in the Jail is broken or non-existent.

Plaintiff alleges that medical in ad-seg is not confidential. Plaintiff alleges that medical staff come to the cells and put "our medical issues on the tier for all to hear."

Plaintiff alleges that defendant Withrow's "own inactions with the lack of training, supervisor control caused all of the entire racial group's injury, including plaintiff, refusing to fix the problem even after being aware for some years now." Plaintiff alleges that defendant Gudino classified all of the Southern Hispanics and personally refused to allow the group out of ad seg to program.

As legal claims, plaintiff alleges violations of the Equal Protection Clause, the right to due process, and the First and Eighth Amendments.

*Discussion*

Because plaintiff alleges that he was transferred to the Jail from the Deuel Vocational Institution, the undersigned finds that plaintiff was a convicted prisoner, for purposes of this order.

The undersigned first addresses plaintiff's due process claims regarding his placement and retention in ad seg.

Plaintiff has no constitutional right to procedural due process in connection with his placement and retention in ad seg unless that segregation "imposes an 'atypical and significant hardship' upon the inmate in relation to the ordinary incidents of [jail] life." East v. Lewis, 2010 WL 375064, at *4 (C.D. Cal. Jan. 25, 2010) (quoting Sandin v. Connor, 515 U.S. 472, 484 (1995)). So, to prove that he has a liberty interest requiring procedural due process, plaintiff must demonstrate that the conditions in ad seg impose "an atypical and significant hardship"

A court in this Circuit looks at three factors under Sandin in determining whether a deprivation is atypical and significant: "(1) whether the conditions of confinement mirrored those conditions imposed upon inmates in analogous discretionary confinement settings, namely administrative segregation and protective custody [;] (2) the duration and intensity of the conditions of confinement; and (3) whether the change in confinement would inevitably affect the duration of [the prisoner's] sentence." See Chappell v. Mandeville, 706 F.3d 1052, 1064-65 (9th

Cir. 2013) (second alteration in original; internal quotation marks omitted). In other words, if the conditions in segregation are worse than those a prisoner will typically encounter in prison, the court must still consider whether the conditions are extreme enough in nature and duration or whether they will necessarily affect the length of a prisoner's sentence. Segregation may lead to a cognizable deprivation of liberty, for example, if the conditions of segregation, although not in themselves harsh enough to implicate a cognizable liberty interest, result in the deprivation of some other interest particular to the aggrieved prisoner. See Serrano v. Francis, 345 F.3d at 1074, 1078-79 (9th Cir. 2003) (finding that segregation of a partially paralyzed plaintiff for almost three months to an area where he could not use the wheelchair he was permitted in the general population, such that he could not shower and had difficulty using the bathroom and the bed, implicate a cognizable liberty interest).

"[A] lengthy confinement without meaningful review may constitute atypical and significant hardship." Brown v. Oregon Dept. of Corrections, 751 F.3d 983, 989-90 (9th Cir. 2014) (finding that an inmate subjected to solitary confinement for over 23 hours per day for 27 months, and denied most privileges afforded most inmates in general population, stated a due process liberty claim); Mizzoni v. Nevada, 795 F.3d Appx. 521 (9th Cir. 2020) (18-month term in disciplinary housing under conditions involving significant isolation are atypical and significant).

Plaintiff has not plead sufficient facts demonstrating that the conditions of ad seg amount to an atypical and significant hardship. Plaintiff does not, for example, describe the number of hours he spends in his cell every twenty-four hours. Plaintiff also does not describe the amount of outdoor exercise he receives. Without additional information regarding these conditions, the undersigned cannot determine whether the conditions of ad seg amount to an atypical and significant hardship. For these reasons, plaintiff's due process claims are dismissed with leave to amend.

Although plaintiff has failed to plead sufficient facts demonstrating a liberty interest, the undersigned addresses plaintiff's claims alleging that he was denied procedural due process in connection with his placement and retention in ad seg.

////

When jail officials initially determine whether an inmate is to be segregated for administrative reasons, due process requires that they: hold an informal nonadversary hearing within a reasonable time after the inmate is segregated; inform the inmate of the charges against him or the reasons segregation is being considered; and allow the inmate to present his views. See Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Periodic review of the inmate's confinement in segregated housing is required. See Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983).

Plaintiff does not specifically allege that he was denied an informal nonadversary hearing upon his initial placement in ad seg or that he has been denied period review of his placement in ad seg. For these reasons, plaintiff has not stated a potentially colorable due process claim.

For the following reasons, the undersigned finds that plaintiff has pled sufficient facts in support of a due process claim based on insufficient evidence to support his placement and continued retention in ad seg. Plaintiff arrived at the Jail on January 18, 2018. Plaintiff alleges that he is being held in ad seg based on a riot that occurred in March-June 2017 between some of the Southern Hispanics. Plaintiff alleges that Jail officials have no reason to house him in ad seg because he did not participate in the riot and does not require protection. These allegations state a potentially colorable due process claim against defendants. See Superintendent v. Hill, 472 U.S. 445, 455 (1985) (due process also requires that there be some evidence to support the prison officials' decision); Toussaint v. McCarthy, 801 F.2d at 1104-05. However, as discussed above, the undersigned does not order service of this claim because plaintiff has not plead sufficient facts demonstrating a liberty interest.

Plaintiff also appears to challenge the grievance procedures available in the Jail. A prisoner has no federal constitutional right to an effective grievance or appeal procedure and the mere participation of a Jail official in plaintiff's administrative appeal process is an insufficient basis on which to state a federal civil rights claim against such defendant. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has "no legitimate claim of entitlement to a grievance procedure"). Accordingly,

6

1  plaintiff's claim challenging the adequacy of the grievance procedures available at the Jail is
2  dismissed.

3  Plaintiff alleges that various conditions of the Jail violate the Eighth Amendment. "Prison
4  officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,
5  sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
6  2000). To challenge the conditions of confinement under the Eighth Amendment, a plaintiff must
7  meet both an objective and subjective test. Id. The objective prong requires a showing that the
8  deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. Id. As
9  to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison
10 officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish
11 an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

12 Plaintiff has no constitutional right to educational, vocational or rehabilitative programs.
13 See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (deprivation of job and educational
14 opportunities did not amount to an Eighth Amendment violation); Rizzo v. Dawson, 778 F.2d
15 527, 530-31 (9th Cir. 1985) (inmates had no property interest in education programing in prison
16 and therefore failed to present a Fourteenth Amendment claim); see also Hoptowit v. Ray, 682
17 F.2d 1237, 1254-55 (9th Cir. 1982) ("[T]here is no constitutional right to rehabilitation."),
18 abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Smith v. Lambert, 12
19 Fed.App'x. 570, 571-72 (9th Cir. 2001) (Inmates do not have a constitutional right to vocational
20 training). Accordingly, plaintiff's claims that he is denied treatment, rehabilitation, a job, access
21 to Alcoholics and Narcotics Anonymous are dismissed.

22 Plaintiff has no constitutional right to television. Accordingly, this claim is dismissed.
23 Plaintiff does not describe the chuck wagon program. For this reason, the undersigned cannot
24 determine whether plaintiff's denial of access to the chuck wagon program states a potentially
25 colorable claim for relief.

26 Turning to plaintiff's claim that he is permitted to shower three times per week, the
27 undersigned finds that the fact that plaintiff is limited to three showers per week is not a
28 sufficiently serious deprivation to implicate federal constitutional concerns. See Eckard v.

Trenary, 2019 WL 5790485, at *2 (W.D. Wash. July 18, 2018) (three showers per week is not unconstitutional).

Plaintiff also alleges that the showers are dirty, smell of mildew and are never cleaned. Plaintiff alleges that he is given worn and dirty clothes and linens. Plaintiff alleges that the food is spoiled half the time. Plaintiff alleges that he is not given razors and that he is denied clippers most of the time. Plaintiff alleges that he is denied the materials necessary to clean his cell on a daily basis. These allegations meet the objective showing required to state an Eighth Amendment claim. However, for the reasons stated herein, the undersigned finds that plaintiff has not pled sufficient facts demonstrating the subjective showing required for an Eighth Amendment claim.

Cities, counties and other local government entities are subject to claims under 42 U.S.C. § 1983. Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978). While municipalities, their agencies and their supervisory personnel cannot be held liable under § 1983 on any theory of respondeat superior or vicarious liability, they can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. Monell, 436 U.S. at 691-693. Liability only attaches where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Id. at 694.

Plaintiff does not allege that a policy of defendant San Joaquin County caused the alleged deprivations, i.e., dirty showers, dirty clothes and linens, spoiled food, and lack of access to razors and clippers. Accordingly, plaintiff has not stated a potentially colorable claim against defendant San Joaquin County based on these alleged deprivations.

Turning to defendants Withrow and Gudino, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of...subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that a defendant sued in his or her individual capacity violated plaintiff's constitutional rights through his or her own individual actions. Ashcroft v.

8

Iqbal, 556 U.S. 662, 676 (2009); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

A county official sued in his or her individual capacity may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." King v. County of Los Angeles, 885 F.3d 548, 559 (9th Cir. 2018) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). "The requisite causal connection [for liability in a defendant's individual capacity] can be established...by [the defendant] setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." King, 885 F.3d at 559 (citing Starr, 652 F.3d at 1207–08 (quoting Dubner v. City & Cty. of S.F., 266 F.3d 959, 968 (9th Cir. 2001) (internal citation and quotation marks omitted)). "For an official to be liable for another actor's depriving a third party of his constitutional rights, that official must have at least the same level of intent as would be required if the official were directly to deprive the third party of his constitutional rights." Lacey v. Maricopa Cnty., 693 F.3d 896, 916 (9th Cir. 2012) (en banc).

To plead an individual capacity claim against a supervisor in a § 1983 case, a plaintiff must show (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional deprivation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001).

Plaintiff alleges that defendant Withrow's "inactions with lack of training, supervisor control" caused "all of the entire racial group's injury…" These allegations are so vague and conclusory that the undersigned cannot determine whether defendant Withrow caused the alleged deprivations. Accordingly, this claim against defendant Withrow is dismissed.

Plaintiff alleges that defendant Gudino classified "the entire racial group" and refuses to allow the group out of ad seg. These allegations do not sufficiently link defendant Gudino to the alleged deprivations. Accordingly, this claim against defendant Gudino is dismissed.

////

Plaintiff alleges that he is denied access to "all day yard." Plaintiff does not allege how much outdoor exercise he receives. Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim for relief based on inadequate outdoor exercise. Accordingly, this claim is dismissed.

Plaintiff alleges that the "medical" for inmates in ad seg is conducted at the cell door. To state a claim for violation of the right to keep his medical information confidential, plaintiff must allege that he suffers from an unusual or sensitive medical condition that, if disclosed, would expose him to ridicule, discrimination or even violence, particularly when the word of the condition is likely to spread through "humor or gossip." Williams v. Trujillo, 2019 WL 8266652, at *3 (D. Ariz. Oct. 9, 2019) (quoting Powell v Schriver, 175 F.3d 107, 112 (2d Cir. 1999)). Plaintiff does not allege that he suffers from an unusual or sensitive medical condition that was or may be disclosed to other inmates by a discussion with medical staff at his cell door. Accordingly, plaintiff's claim alleging violation of his right to privacy is dismissed.

Plaintiff appears to allege a First Amendment retaliation claim. Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff does not allege that he, plaintiff, has been retaliated against for engaging in protected conduct. For this reason, plaintiff's retaliation claim is dismissed.

Turning to plaintiff's equal protection claim, the Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Prison classifications that burden fundamental rights but are not based on race generally pass constitutional muster if they are "reasonably related" to "legitimate penological interests."

See Johnson v. California, 543 U.S. 499, 509–510 (2005) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).[1]

Plaintiff alleges that his continued retention in ad seg based on his classification as a Southern Hispanic violates his right to equal protection. Plaintiff alleges that the Southern Hispanic classification is a racial classification, and not a gang-based classification. Plaintiff suggests that the Jail does not have good cause to retain him in ad seg based on a riot between Southern Hispanic inmates that occurred months before plaintiff entered the Jail. Plaintiff alleges that he does not require placement in ad seg. Plaintiff's allegations also suggest that the placement and continued retention of Southern Hispanic inmates is a Jail policy. The undersigned finds that plaintiff has stated a potentially colorable equal protection claim against defendants San Joaquin County, Withrow and Gudino.

Plaintiff may proceed forthwith to serve defendants with his equal protection claim, or he may delay serving any defendant and attempt to cure the pleadings defects as to his other claim discussed above.

If plaintiff elects to attempt to amend his, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants as to his equal protection claim, then within thirty days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of his remaining claims without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named

---

[1] "Gang membership is not a suspect class." Allen v. Hubbard, 2011 WL 6202910, at *4 (C.D. Cal. Oct. 12, 2011 adopted Dec. 8, 2011); Watt v. Runnels, 2007 WL 2898563, at *1 n.1 (E.D. Cal. Sept. 28, 2007) (classification by gang membership or affiliation is not suspect); Medina v. Gomez, 1997 WL 488588, at *6 (N.D. Cal. Aug.14, 1997) ("[G]ang membership bears none of the 'traditional indicia of suspectness.'") (quoting San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 28 (1973)).

11

defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's

pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose

1  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

2  A prisoner may bring no § 1983 action until he has exhausted such administrative

3  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

4  Churner, 532 U.S. 731, 741 (2001).

5  Accordingly, IT IS HEREBY ORDERED that:

6  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

8  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

9  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the San

10  Joaquin County Sheriff filed concurrently herewith.

11  3.  All claims but for plaintiff's equal protection claim are dismissed with leave to amend.

12  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state

13  cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

14  4.  The allegations in the pleading are sufficient to state a potentially cognizable equal

15  protection claim against defendants San Joaquin County, Withrow and Gudino.  See 28 U.S.C. §

16  1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy

17  of the pleading filed December 10, 2020, three USM-285 forms and instructions for service of

18  process on defendants San Joaquin County, Withrow and Gudino.  Within thirty days of service

19  of this order plaintiff may return the attached Notice of Submission of Documents with the

20  completed summons, the completed USM-285 form, and four copies of the endorsed complaint

21  filed December 10, 2020.  The court will transmit them to the United States Marshal for service

22  of process pursuant to Fed. R. Civ. P. 4.  Defendants San Joaquin County, Withrow and Gudino

23  will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.

24  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent

25  to an order dismissing his defective claims against defendants San Joaquin County, Withrow and

26  Gudino without prejudice.

27  ////

28  ////

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 9, 2021

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Alm2444.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ALMARAZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>　　　　Defendants. | No.  2: 20-cv-2444 KJN P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　Plaintiff submits the following documents in compliance with the court's order filed

_____.

　　　_____　　　completed summons form

　　　_____　　　completed forms USM-285

　　　_____　　　copies of the Complaint

　　　　Plaintiff consents to the dismissal of all claims but for his equal protection claim without prejudice.  _____

　　OR

　　\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Plaintiff